IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| H2E AMERICAS, LLC, | |
| Petitioner, | |
| v. | Case No. 25-mc-439-GBW |
| RYMARK INC., *et al.*, | |
| Respondents. | |

## MEMORANDUM ORDER

On October 17, 2025, Rymark, Inc., Nicholas Thayne Markosia, John Kirkland, and Vicky Small ("Respondents") served a subpoena ("Subpoena") on H2E Americas, LLC ("H2E") "seeking a deposition on October 31, 2025." *See* D.I. 3 at 3. The process server that served the Subpoena, however, did not tender a witness fee at the time of service. D.I. 11 at 9 (admitting as much). On October 30, 2025, H2E filed a Petition to Quash Non-Party Subpoena or for Entry of Protective Order ("Petition"), requesting that the Court quash the Subpoena because *inter alia* the process server failed to timely tender a witness fee. D.I. 1.

The Federal Rules of Civil Procedure provide that serving "a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Respondents contend that they "cured" this "deficiency" by subsequently dispersing a "check[]" to H2E. D.I. 11 at 9.

However, the Third Circuit has explained that "the required criteria for subpoenas," like timely payment of the witness fee, are "not mere technicalities." *Foster v. JLG Indus.*, 199 F.

App'x 90, 95 (3d Cir. 2006) (cleaned up). The Third Circuit, in *Foster*, therefore declined to reverse a district court's decision that denied compelling compliance with a subpoena that *inter alia* failed "to include the required witness fee." *Id.* at 94-95.

Here, as in *Foster*, Respondents' service of the Subpoena failed "to include the required witness fee." *See id.* at 94. This failure is not a "mere technicalit[y]" that can be simply cured by subsequently dispersing a check in the mail. *See id.* at 95.

"There are undoubtedly worthy policy considerations at odds here: applying the plain language of [Rule 45] coupled with the assurance that a court order compelling action on the part of a non-party be assured receipt [of witness fees] versus the liberal interpretation of discovery in litigation to promote the truth-seeking process along with the speedy and economical resolution of litigation." *See Fiorentino v. Cabot Oil & Gas Corp.*, No. 09-cv-2284, 2012 U.S. Dist. LEXIS 194219, at *26 (M.D. Pa. Jan. 5, 2012). "Both are clearly valuable and laudable sets of principles, but ultimately [the Court] conclude[s] that the directives contained in the [Federal] Rules [of Civil Procedure] governing the orderly process of litigation," along with the Third Circuit's guidance in *Foster*, "must ca[rry] the day." *See id.*

For the foregoing reasons, the Court quashes the Subpoena. Since the Court quashes the Subpoena, the Court denies H2E's alternative request (D.I. 3 at 8) for a protective order.

The Court also denies H2E's additional request that the Court sanction Respondents for, according to H2E, "failing to take reasonable steps to avoid imposing an undue burden or expense on" H2E. D.I. 3 at 9. Rule 45(d)(1) provides: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Rule 45(d)(1) also provides: "The court for the district where compliance is required must enforce this duty and impose an appropriate

2

sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1).

Notably, "Rule 45(d)(1) does not require the court to impose sanctions merely because a party is unsuccessful in its subpoena." *Rizzi v. Netflix, Inc.*, No. 24-202-CJB, 2025 U.S. Dist. LEXIS 27267, at *11 (D. Del. Feb. 6, 2025) (cleaned up). Rather, sanctions usually "only" follow "where the subpoena was issued in bad faith or for some improper purpose." *Id.* Here, that Respondents were "unsuccessful in [their] subpoena," especially where there is no evidence of "bad faith or . . . improper purpose," does not invite or compel sanctions. *See id.* Thus, the Court denies H2E's request for sanctions.

\* \* \*

WHEREFORE, at Wilmington this 19th day of November 2025, **IT IS HEREBY ORDERED** that H2E's Petition to Quash Non-Party Subpoena or for Entry of Protective Order (D.I. 1) is **GRANTED-IN-PART AND DENIED-IN-PART**. In particular, the October 17, 2025 Subpoena that Respondents served on H2E is **QUASHED**, H2E's alternative request for a protective order is **DENIED**, and H2E's request for sanctions is **DENIED**.

GREGORY B. WILLIAMS<br>
UNITED STATES DISTRICT JUDGE